## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

IN THE MATTER OF: | CASE NO. 16-08959-LMC-7A

STEVEN PAUL BUTNER, | CHAPTER 7
Debtor(s).

**MOTION FOR AN ORDER DIRECTING STEVEN PAUL BUTNER TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS PURSUANT TO FED.R.BANKR.P. 2004**

The Creditor, State of Indiana, (the "State"), by Curtis T. Hill, Jr., Attorney General of

Indiana, and Kathleen T. Konkoly, Deputy Attorney General, respectfully requests this Court

Order Steven Paul Butner ("Debtor") to appear for examination and produce the documents that

are described below, and in support thereof states as follows:

### I. Background

1.      On November 22, 2016, the Debtor commenced this case by filing voluntary

Chapter 7 petition under Title 11 of the United States Code.

2.      This Court has jurisdiction to enter an Order granting the relief requested in this

motion pursuant to 28 U.S.C. §§ 157 and 1334. 3.

3.      On December 28, 2017, without knowledge of the pending bankruptcy, the State

brought an action in the Marion County Superior Court, Docket No. 49D11-1712-PL-047461,

against the Debtor, individually and doing business as Energy Secure Solutions, Inc. ("ESS"),

under the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-1 *et seq.,* for

injunctive relief, consumer restitution, civil penalties, costs, and other relief.

4.      The State's complaint concerns allegations that the Debtor and ESS defrauded an

Indiana consumer by receiving a deposit to engage in replacing the consumer's glass windows

and a glass sliding door, but failed to order the products from his supplier, despite assurances to the contrary, and failing to either complete the contracted work or refund the consumer's deposit. The State alleged that the Debtor and ESS's actions were unfair, abusive, and deceptive, and constitute violations of the Indiana Deceptive Consumer Sales Act.

5.      In response, on January 17, 2018, the Debtor filed a Notice of Bankruptcy with the Marion County Superior Court.

## II. Requested Relief

6.      Pursuant to Fed. R. Bankr. P. 2004(a), the Court may order the examination of any entity on the motion of any party in interest. The examination may relate to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or the Debtor's right to a discharge. Fed. R. Bankr. P. 2004(b).

7.      The scope of an inquiry under Bankruptcy Rule 2004 is very broad. *Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). "Great latitude of inquiry is ordinarily permitted." *In re Handy Andy Home Improvements Ctrs.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996).

8.      The standard for determining the propriety of an examination request under Bankruptcy Rule 2004 is "good cause." *In re Grabill Corp.*, 109 B.R. 329, 334 (Bankr. N.D. Ill. 1989).

9.      The State seeks to obtain information and documentation in order to ascertain the extent of the Debtor's liability as well as his ability to repay any debts owed.

10.     The purposes for which the State seeks authorization to obtain documents and conduct an examination of the Debtor fall within the scope of Fed. R. Bankr. P. 2004(b). The form of the proposed Bankruptcy Rule 2004 Subpoenas are attached hereto as Exhibit A.

11.     Pursuant to Fed. R. Bankr. P. 2004, the State seeks entry of an order by this Court authorizing it to serve a subpoena on the Debtor to compel attendance for examination and production of documents in accordance with Fed. R. Bankr. P. 2004.

12.     The State reserves the right to seek further Court authority to request additional authority to issue Bankruptcy Rule 2004 subpoenas as it continues its investigation.

WHEREFORE, State of Indiana respectfully requests entry of the attached proposed order and such other and further relief as may be appropriate.

Respectfully submitted,

CURTIS T. HILL, JR.
Attorney General of Indiana
Atty. No. 13999-20


By: /s/ Kathleen T. Konkoly
    Kathleen T. Konkoly
    Deputy Attorney General
    Office of Attorney General
    Indiana Government Center South, 5th Floor
    302 West Washington Street
    Indianapolis, IN  46204-2770
    Telephone: 317-234-8073
    Facsimile: 317-232-7979
    Email:  Kathleen.Konkoly@atg.in.gov

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing *Motion to Conduct Examination of the Debtor* has been duly served upon all counsel of record listed below, by ECF notification or U. S. first class mail, postage prepaid, on February 12, 2018:

United States Trustee
101 W. Ohio Street
Suite 1000
Indianapolis, IN 46204

Gregory K. Silver
Chapter 13 Trustee
Office of Gregory K. Silver
445 N Pennsylvania St. #810
Indianapolis, IN 46204

Mark S. Zuckerberg
Law office of Mark S. Zuckerberg, P.C.
429 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46204

By: /s/ Kathleen T. Konkoly
Kathleen T. Konkoly
Deputy Attorney General

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of ____Indiana_____

In re ___Steven Paul Butner_____    Case No. _16-08959-JMC-7A_____
 Debtor

 Chapter ___7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ____Steven Paul Butner_____
 *(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE Office of the Attorney General 302 W. Washington Street 5th Floor Indianapolis, IN 46204 | DATE AND TIME TBD |
|---|---|

The examination will be recorded by this method:    __Written Transcript (court reporter)_____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A. Documents responsive to this Subpoena should be provided to Kathleen T. Konkoly, Office of the Attorney General, 302 W. Washington Street, 5th Floor, Indianapolis, Indiana 46204, by no later than close of business on February 28, 2018.**

 The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

 CLERK OF COURT

 OR

 _____    _____ *Signature of Clerk or*
 *Deputy Clerk         Attorney's signature*

_____

The name, address, email address, and telephone number of the attorney representing The State of Indiana, who issues or requests this subpoena, is: Kathleen T. Konkoly, Office of the Attorney General, 302 W. Washington Street, 5th Floor, Indianapolis, Indiana 46204

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection. (A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i)

disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**EXHIBIT A TO SUBPOENA**

a)   All contracts or agreements entered into between Steven Paul Butner and/or Energy Secure Solutions, Inc. and Indiana consumers from January 1, 2015 to the present date.

b)   All documents, including invoices, receipts, work orders, expense reports, etc., created pursuant to any contract or agreement between Steven Paul Butner and/or Energy Secure Solutions, Inc. and Indiana consumers from January 1, 2015 to the present date.

c)   All documents relating to any material or supply orders placed pursuant to any contracts or agreements between Steven Paul Butner and/or Energy Secure Solutions, Inc. and Indiana consumers from January 1, 2015 to the present date.

d)   All communications, including emails, letters, text messages, recorded phone calls, etc., between Energy Secure Solutions, Inc. and/or Steven Paul Butner and any Indiana consumer who entered into a contract or agreement with Steven Paul Butner and/or Energy Secure Solutions, Inc. from January 1, 2015 to the present date and who did not have the work outlined in their contracts or agreements completed by Energy Secure Solutions, Inc. and/or Steven Paul Butner.

e)   Any documents which demonstrate the work referenced in any contracts or agreements entered into between Steven Paul Butner and/or Energy Secure Solutions, Inc. and any Indiana consumer from January 1, 2015 to the present date, was actually completed by Energy Secure Solutions, Inc. and/or Steven Paul Butner.