UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                              )
                                    )
STEVEN PAUL BUTNER,                 )    CASE NO. 16-08959-JMC-7
                                    )
        Debtor.                     )
                                    )

## MOTION TO EMPLOY SPECIAL COUNSEL

Comes now Gregory Silver, Trustee herein, and moves the Court for an Order appointing Special Counsel on behalf of the Trustee . In support hereof, the Trustee states:

1. That on September 25, 2020, the Court entered an Order to Motion to Reopen Bankruptcy Case and Notice of Reappointment of Trustee was issued.

2. The Trustee has located an asset of debtor of a personal injury claim arising from a vehicle accident on November 14, 2016 against Koorsen Fire Protection..

3. The Trustee desires to retain the legal services of Matthew Boulton, BOULTON LAW GROUP, LLC, 405 East Main Street, Brownsburg, IN 46112; (317) 350-2680 to prosecute said action..

4. The proposed special counsel has agreed to represent the Trustee on a contingent fee basis of 33 1/3% of gross settlement or judgment on the debtor's claim, plus reimbursement of expenses ,all pursuant to the attached Contingent. Fee Retainer Agreement.

5. That proposed special counsel has no connection to any party in interest except as the present counsel on the case now pending and has no interest adverse to any party in interest herein as per Affidavit of Disinterest attached hereto as Exh "A".

WHEREFORE, the Trustee moves the Court for an Order employing Boulton Law Group LLC as special counsel for representation of trustee herein , and for all other relief proper in the premises.

Respectfully submitted,

/s/ Gregory K. Silver, trustee
Gregory K. Silver
445 N. Pennsylvania St., Suite 810
Indianapolis, IN 46204
(317) 590-0418
trusteegksilver@yahoo.com

CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was sent to all parties entitled to notice under ecf noticing this 1st day of October, 2020.

/s/ Gregory K. Silver, trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STEVEN PAUL BUTNER, | )  CASE NO. 16-08959-JMC-7 |
| | ) |
| Debtor. | ) |

## VERIFIED AFFIDAVIT OF DISINTEREST OF ATTORNEY

I, Matthew C. Boulton, upon first being duly sworn, depose and state as follows:

1. I am an attorney at law licensed to practice in the State of Indiana, and maintain an office at 405 E. Main Street, Brownsburg, IN 46112.

2. I have performed various legal services for the above-referenced Debtor with regard to a personal claim of the Debtor arising from a vehicle accident on November 14, 2016. A lawsuit is now pending relating to said claim under Cause No. 49D07-1809-CT-036521, in the Marion Superior Court, Civil Division 7.

3. With the exception of providing legal services to the Debtor, I have no connection with the Debtor, Debtor's creditors, or any other party in interest herein.

4. I do not have an interest materially adverse to the interests of the Estate, or of any class of creditors, or equity holders, by reason of any direct or indirect relationship to, connection with, or interest with, the Debtor herein.

FURTHER AFFIANT SAYETH NOT.

Exh "A"

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY KNOWLEDGE.

/s/ Matthew C. Boulton
Matthew C. Boulton, (Atty No. 19277-53)
BOULTON LAW GROUP, LLC
405 E. Main Street
Brownsburg, IN 46112
(317) 350-2680

# CONTINGENT FEE RETAINER AGREEMENT

IT IS AGREED by and between ___Gregory K. Silver, as US Bankruptcy Trustee for Steven Butner_ ("CLIENT(S)") and Boulton Law Group, LLC ("ATTORNEYS"), that:

Cleint(Trustee) wishes to employ ATTORNEYS to prosecute further a bodily injury claim for an incident which occurred on ____11/14/2016_____, in the State of Indiana.

The terms of this Agreement are:

1. CLIENT hereby Retains ATTORNEYS to prosecute or adjust all claims for CLIENT'S bodily injury damages known or which may arise in the future, because of the above-referenced incident. ATTORNEYS shall take all legal steps necessary to enforce CLIENT'S bodily injury claim including investigation, preparation, and trial of any action filed in connection with CLIENT'S bodily injury claim. Attorneys are <u>not</u> employed to represent Client in regard to claims for any property damage, worker's compensation, medical malpractice, and/or products liability arising from or related to the incident, unless specifically agreed to in writing.

2. ATTORNEYS may void this agreement if upon a more complete investigation, research or evaluation; it is ATTORNEY'S professional opinion that CLIENT does not have a meritorious or viable claim. In addition, ATTORNEYS may withdraw in the following situations: 1) If CLIENT refuses to communicate and cooperate in the development and prosecution of the case; 2) if CLIENT is dishonest with ATTORNEYS regarding any issue related to the case; or 3) for any reason set forth in the Code of Professional Responsibility. Any withdrawal by ATTORNEYS will be provided in writing at CLIENT'S last known address.

3. ATTORNEYS are not to compromise or settle CLIENT'S claim without CLIENT'S express consent.and subject to approval of US Bankuptcy Court. The full settlement monies received in this case are to be sent to Gregory K. Silver, trustee at 445 N. Pennsylvania St. #810 Indianapolis, In 46204 and distributed by him for attorney fees as Ordered by the US Bankruptcy Court pursuant to this Agreement..

4. ATTORNEYS are to handle CLIENT'S claim on a contingency fee basis, so that if there is no recovery or settlement monies received then there will be no legal fee payable by CLIENT to ATTORNEYS. The contingency fee is calculated on the gross settlement plus expenses of attorneys.

5. In consideration of ATTORNEYS' services rendered and to be rendered, CLIENT hereby agrees to pay ATTORNEYS one-third (33 1/3%) of the gross amount received by way of any settlement, recovery and/or verdict. plus Attorney's expenses for the case.

.

6.. ATTORNEYS agree to advance necessary costs and litigation expenses in pursuing said claim. Specific case expenses such as court costs, mediation fees, medical records and opinions, investigation (if needed), photos, depositions, expert fees and expenses and other costs, such as commercial copying services, courier mail services, and the like, will be paid by ATTORNEYS and reimbursed by the CLIENT at the conclusion of the representation as approved by the US Bankruptcy Court..

7.. CLIENT understands that if a health insurance company, Medicare and/or Medicaid paid for all or was part of the CLIENT'S case, there may be liens against any settlement or judgment. CLIENT authorizes ATTORNEYS to negotiate the liens to the lowest possible amount on CLIENT'S behalf. CLIENT understands that the above described liens must be paid out of the settlement proceeds .

8. Upon completion of the claim or case the ATTORNEYS shall prepare a Settlement Statement showing an accounting of all proceeds for fees, costs and expenses incurred, payment of any liens, other payment distributions, and the proceeds to CLIENT.

9. CLIENT acknowledges that ATTORNEYS have not made any promises or warranties regarding the validity or outcome of this case, or the size of any expected recovery. CLIENT has retained ATTORNEYS after personal consultation and upon CLIENT'S individual discretion. ATTORNEYS will handle the case in a professional and workmanlike manner in accordance with the standards of similar practitioners.

10. CLIENT understands that ATTORNEYS do not offer tax or estate advice and CLIENT is encouraged to seek the advice of an estate attorney, tax attorney or other financial professional with any questions relating to the tax or other financial consequence of settling this legal matter.

11. This Contract is to be interpreted in accordance with the laws of the State of Indiana, the US Bankruptcy Code and with the ethical requirements of that jurisdiction. This Agreement may not be modified in any way without the express, written agreement of both parties. This represents the entire agreement of the parties at this time..

12. CLIENT have been given a copy of this Agreement to read and review and have been given the opportunity to take it home and review it before signing. CLIENT has been offered the chance to ask questions about the terms and conditions of the Agreement. CLIENT has read and reviewed this Agreement and believes to understand its terms and enters into this Agreement of CLIENT'S own free will, without duress or coercion.

IN WITNESS WHEREOF, the Parties enter this Agreement within the State of Indiana:

DATED: September 30, 2020

CLIENT(S): *[signature]* Gregory K. Silver, US Bankruptcy Trustee for Butler
Signature

*subj to approval of US Bankruptcy Court*

__ Gregory K. Silver, trustee

Printed Name

DATED 9/30 2020

ATTORNEYS:

By: *[signature]*

Boulton Law Group, LLC
405 East Main Street
Brownsburg, IN 46112
(317) 350-2680